UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOLLY KIRWIN, a married woman; GAIL ANDERSON, a single person; and DAN O'ROURKE, in his capacity as Chapter 7 Bankruptcy Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 609; JUSTIC "BUCK" HOLLIDAY; and VAL HOLSTROM,<br><br>Defendant. | NO: CV-10-365-RMP<br><br>ORDER GRANTING DEFENDANTS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT |

Before the Court is the Defendants' Second Motion for Partial Summary Judgment, ECF No. 72. The Court has reviewed the pleadings and the file in this case and is fully informed.

**BACKGROUND**

In their Third Amended Complaint, ECF No. 69, the Plaintiffs allege that the Defendants breached their contractual and promissory obligations regarding

ORDER GRANTING DEFENDANTS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

compensation. ECF No. 69 at 15. The salary policy in place at Teamsters Local Union No. 690 ("Local 690") in 2009 states:

> Salaries will be paid as follows:
>
> Secretary Treasurer – 100% of the UPS package car rate at 55 straight time hours; Executive Assistant – 90% of the UPS package car rate at 55 straight time hours; Business Agents – 80% of the UPS package car rate at 55 straight time hours; and Office Staff – 80% of the UPS package car rate at 45 straight time hours. Executive Board stipend to be paid monthly at the rate of $350.00. Subject to "E" Board approval.

ECF No. 98 at 7.

This policy was contained within Local 690's Policies and Procedures Manual. ECF No. 82 at 3. One of the duties of Plaintiff Gail Anderson's employment was to prepare amendments, additions, or deletions that reflected changes made by the Local's Executive Board during their monthly meetings. ECF No. 82 at 2. Ms. Anderson asserts that "to the best of [her] knowledge and belief, [she] was not paid up to the required standard at the time [she] was first hired in 1998" until her termination in 2009. ECF No. 82 at 3.

## APPLICABLE LAW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*,

ORDER GRANTING DEFENDANTS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

477 U.S. 317, 323-24 (1986). Summary judgment is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex*, 477 U.S. at 327.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party must demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp.*, 477 U.S. at 325. The burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ.P. 56(e)).

A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). At summary judgment, the court draws all reasonable inferences in favor of the nonmoving party. *Dzung Chu v. Oracle Corp. (In re Oracle Corp. Secs. Litig.)*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The evidence presented by both the moving and non-moving parties must be admissible. Fed. R. Civ. P. 56(e). The court will not presume missing facts, and non-specific facts in

ORDER GRANTING DEFENDANTS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

1  affidavits are not sufficient to support or undermine a claim.  *Lujan v. Nat'l*
2  *Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### DISCUSSION

A policy manual may alter an employment relationship "either as a matter of promises of specific treatment in specific situations or as a matter of contract modifications, provided, in the latter case, that the formalities of contract formation are met."  *Korslund v. Dyncorp Tri-Cities Servs., Inc.*, 156 Wn.2d 168, 188 (2005).  There is no "enforceable promise of specific treatment in specific circumstances . . . where the employee did not know about the 'promise' until after she was discharged."  *Swanson v Liquid Air Corp.*, 118 Wn.2d 512, 522 (1992).

The record contains no evidence to show that the formalities of contract formation have been met with regard to the salary provision of the policy manual or that Ms. Kirwin was ever made aware of the salary policy provision prior to her termination.  Accordingly, Ms. Kirwin has failed to establish a contractual obligation or promise of specific treatment in specific circumstances.

Ms. Anderson alleges that she had the duty to prepare amendments to the policy manual.  However, nothing in the record firmly establishes that Ms. Anderson was ever aware of the pay policy.  Even if the Court were to infer that Ms. Anderson was aware of the policy, the policy, by its own terms, is conditioned on approval by the executive board.  Nothing in the record supports that this

ORDER GRANTING DEFENDANTS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

condition has been met. Finally, there is simply no evidence in the record of what Ms. Anderson should have been paid were the policy effective nor what she was actually paid. Ms. Anderson's conclusory statement that she believes she was not sufficiently paid cannot defeat a motion for summary judgment.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Defendants' Second Motion for Partial Summary Judgment, **ECF No. 72**, is **GRANTED**.

2. The Plaintiffs' claim for breach of contract / promise of specific treatment in specific circumstances is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 21st day of February 2012.

 *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING DEFENDANTS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5